UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CARL WALLACE SIEMERING,<br><br>　　　　　Defendant/Judgment Debtor,<br><br>and<br><br>GAS HILL CANNABIS SOLUTIONS COOPERATIVE, INC.,<br><br>　　　　　　　　　　Garnishee. | NO. 2:19-mc-00128 RSL<br><br>(2:99-CR-0537-4)<br><br>**Declaration of Dawn Fernandez in Support of Application for a Writ of Continuing Garnishment** |

I, Dawn Fernandez, declare as follows:

I am employed as a Paralegal Specialist in the Financial Litigation Unit, United States Attorney's Office for the Western District of Washington. In said capacity, I have been assigned responsibility for collecting the judgment rendered in the above case against Defendant Carl Wallace Siemering. The official file, which is kept in the ordinary course of business of the United States Attorney's Office, and which reflects significant collection events, indicates the following:

DECLARATION OF DAWN FERNANDEZ IN SUPPORT OF APPLICATION
FOR A WRIT OF CONTINUING GARNISHMENT

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

1. On December 13, 1999, judgment was entered against the Defendant/Judgment Debtor, in the United States District Court for the Western District of Washington in Seattle, for $749,912.35, consisting of $749,812.35 in Criminal Restitution, and $100.00 in a Special Assessment. *United States of America v. Carl Wallace Siemering,* No. 2:99-CR-0537-4, United States District Court for the Western District of Washington (December 13, 1999). Attached hereto, as Exhibit 1, is a true and correct copy of the Judgment in a Criminal Case, entered against Carl Wallace Siemering.

2. The Defendant/Judgment Debtor, Carl Wallace Siemering, has been informed of the judgment debt and payment has been requested not less than thirty (30) days from the date of this Application.

3. Upon information discovered by the United States, the United States believes that Gas Hill Cannabis Solutions Cooperative, Inc. has in its possession, custody, or control property in which the Defendant/Judgment Debtor has a substantial nonexempt interest.

4. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 20th day of September, 2019.

_____
DAWN FERNANDEZ
Paralegal Specialist

DECLARATION OF DAWN FERNANDEZ IN SUPPORT OF APPLICATION
FOR A WRIT OF CONTINUING GARNISHMENT

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case (USAO 06/99)

Case 2:99-cr-00537-MJP   Document 96   Filed 12/13/99   Page 1 of 6

# UNITED STATES DISTRICT COURT
## Western District of Washington

UNITED STATES OF AMERICA

V.

CARL WALLACE SIEMERING

FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 13 1999

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR99-537P

Thomas W. Hillier II
Defendant's Attorney

**THE DEFENDANT:**

__X__ pleaded guilty to   a one-count felony Information

____ pleaded nolo contendere to count(s) _____ which was accepted by the court.

____ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud | October 1999 | I |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____ The defendant has been found not guilty on count(s) _____

____ Count _____ is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ███

Defendant's Date of Birth: ███

Defendant's USM No.: 29370-086

Defendant's Residence Address: ███

Defendant's Mailing Address:

FDC SeaTac

Carl Blackstone
Assistant United States Attorney

December 13, 1999
Date of Imposition of Sentence

Signature of Judicial Officer

THE HONORABLE MARSHA J. PECHMAN
United States District Judge
Name & Title of Judicial Officer

Date

Defendant:   Carl Wallace Siemering                                        Judgment--Page 2 of 6
Case Number: CR99-537P

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _Fifty Four (54) months_

_X_   The court makes the following recommendations to the Bureau of Prisons:
FCI Sheridan, Oregon with placement in the drug and alcohol treatment program if eligible.

_X_   The defendant is remanded to the custody of the United States Marshal.

___   The defendant shall surrender to the United States Marshal for this district:

   ___ at ___ a.m./p.m. on _____.
   ___ as notified by the United States Marshal.

___   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ___ before 2 p.m. on _____.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a

certified copy of this judgment.

_____
United States Marshal

By: _____
      Deputy U.S. Marshal

Defendant:    Carl Wallace Siemering                                     Judgment--Page  3  of  6
Case Number:  CR99-537P

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  five (5) years                                                                                                         .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

 X   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

 ___  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

 X   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below):

## SEE ATTACHED SPECIAL CONDITIONS OF SUPERVISION

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: Carl Wallace Siemering
Case Number: CR99-537P

Judgment--Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. Defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(4) and 18 U.S.C. § 3583(d).

3. Defendant shall participate as instructed by his U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency or substance abuse, which may include testing to determine if he has reverted to the use of drugs or alcohol. <u>Defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision.</u>

4. Defendant shall submit to a search of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

5. Defendant shall participate as directed in a mental health program approved by the United States Probation Office.

6. Restitution in the amount of $749,812.35 is due immediately. Any unpaid amount is to be paid during the period of supervision as directed by defendant's U.S. Probation Officer. Interest on the restitution shall be waived.

7. Defendant shall provide his probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of defendant's federal income tax returns.

8. Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of his U.S. Probation Officer.

9. Defendant shall not be self-employed nor shall he be employed by friends, relatives, associates or persons previously known to him, unless approved by the U.S. Probation Officer. Defendant will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuous review and verification by the U.S. Probation Office. Defendant shall not work for cash and his employment shall provide regular pay stubs with the appropriate deductions for taxes.

10. Defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification [*in any name other than his true legal name,*] without prior written approval of defendant's Probation Officer. ~~Further, defendant shall not use, for any purposes or in any manner, any name other than his true legal name.~~

Case 2:99-cr-00537-MJP   Document 96   Filed 12/13/99   Page 5 of 6

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties (USA0 06/99)

Defendant: Carl Wallace Siemering  
Case Number: CR99-537P  
Judgment--Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $ 100.00 | $ -0- | $ 749,812.35 |

\_\_\_\_ If applicable, restitution amount ordered pursuant to plea agreement.....       $ 749,812.35

### FINE

__X__  The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

### RESTITUTION

\_\_\_ The determination of restitution is deferred until \_\_\_. An Amended Judgment in a Criminal Case will be entered after such determination.  
__X__ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Key Bank Corporate Security<br>P.O. Box 1816<br>Tacoma, WA 98401 |  | $ 1,412.05 |  |
| Bank of America<br>Loss Prevention & Recovery<br>WA1-501-10-60<br>800 Fifth Avenue<br>Seattle, WA 98124 |  | $ 36,188.17 |  |
| U.S. Bank<br>Corporate Security Investigations<br>P.O. Box 40188<br>Portland, OR 97240-0188 |  | $ 292,859.07 |  |
| WAMU, Security Operations<br>9200 Oakdale Avenue<br>MS: N110102<br>Chatsworth, CA 91311 |  | $ 419,353.06 |  |
| **Totals:** | $ _____ | $ 749,812.35 |  |

### INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

__X__ The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that:  
   __X__ The interest requirement is waived.  
   \_\_\_ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties (USAO 06/99)

Defendant:     Carl Wallace Siemering                             Judgment--Page  6  of  6
Case Number:   CR99-537P

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  **XX**     in full immediately; or

B  ____     $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ____     not later than _____; or

D  ____     in installments to commence ____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ____     in _____ (e.g., *equal, weekly, monthly, quarterly*) installments of $ ____ over a period of ____ year(s) to commence ____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**XX**   MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

United States District Court Clerk, Western District of Washington. For restitution payments, the Court is to forward money received to  **see page 5**  (name of party(ies) receiving restitution). See addresses listed on page 5 of this judgment.

____   The defendant shall pay the cost of prosecution.

____   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.